UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JORDAN WOLF,

Plaintiff,

No. 10-cv-3713 (JSR)

- against -

AMENDED
VERIFIED COMPLAINT

RAWLINGS SPORTING GOODS COMPANY, INC.,
OFFICE OF THE COMMISSIONER OF BASEBALL,
MAJOR LEAGUE BASEBALL ENTERPRISES, INC.,
MAJOR LEAGUE BASEBALL PROPERTIES, INC.,
BALTIMORE ORIOLES LIMITED PARTNERSHIP,
BALTIMORE ORIOLES, INC., DELMARVA
SHOREBIRDS, 7TH INNING STRETCH, LLC,
NATIONAL ASSOCIATION OF PROFESSIONAL
BASEBALL LEAGUES, MINOR LEAGUE BASEBALL,
MINOR LEAGUE BASEBALL formerly known as
NATIONAL ASSOCIATION OF PROFESSIONAL
BASEBALL LEAGUES, INC. and SOUTH
ATLANTIC LEAGUE,



Defendants.

------------------------------------------------------------------------X

     Plaintiff by his attorneys, CLARK, GAGLIARDI & MILLER P.C., complaining of

the defendants, alleges as follows upon information and belief:

## JURISDICTION

    1.   Jurisdiction is based on 28 USC §1332 as there is diversity of citizenship

between the parties and the amount in controversy exceeds $75,000.

    2.   Venue is based upon 28 USC 1391(c), the residence of several defendants,

and defendants are subject to jurisdiction in this District.

## PARTIES

3.    Plaintiff, JORDAN WOLF, was a resident of the City of Cincinnati, County of Hamilton, State of Ohio.

4.    Defendant, RAWLINGS SPORTING GOODS COMPANY, INC., is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

5.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, is a domestic corporation, partnership, unincorporated association or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

6.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

7.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., is a domestic corporation, partnership or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

8.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

9.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., is a domestic corporation, partnership or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

10.     Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

11.     Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, is a domestic corporation, partnership or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

12.     Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

13.     Defendant, BALTIMORE ORIOLES, INC., is a domestic corporation, partnership or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

14.     Defendant, BALTIMORE ORIOLES, INC., is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

15.     Defendant, DELMARVA SHOREBIRDS, is a domestic corporation, partnership or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

16.     Defendant, DELMARVA SHOREBIRDS, is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

17.     Defendant, 7TH INNING STRETCH, LLC, is a domestic corporation, partnership or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

18.   Defendant, 7TH INNING STRETCH, LLC, is a foreign corporation, partnership or other legal entity authorized to do business in the State of New York.

19.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, is a domestic corporation, partnership, unincorporated association or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

20.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, is a foreign corporation, partnership, unincorporated association or other legal entity authorized to do business in the State of New York.

21.   Defendant, MINOR LEAGUE BASEBALL, is a domestic corporation, partnership, unincorporated association or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

22.   Defendant, MINOR LEAGUE BASEBALL, is a foreign corporation, partnership, unincorporated association or other legal entity authorized to do business in the State of New York.

23.   Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., is a domestic corporation, partnership, unincorporated association or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

24.   Defendant MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., is a foreign

corporation, partnership, unincorporated association or other legal entity authorized to do business in the State of New York.

25.    Defendant, SOUTH ATLANTIC LEAGUE, is a domestic corporation, partnership, unincorporated association or other legal entity organized under the laws of the State of New York and authorized to do business in the State of New York.

26.    Defendant SOUTH ATLANTIC LEAGUE, is a foreign corporation, partnership, unincorporated association or other legal entity authorized to do business in the State of New York.

27.    Defendant, RAWLINGS SPORTING GOODS COMPANY, INC., is a corporation with a place of business located at 510 Maryville University Drive, Suite 110, St. Louis, Missouri 63141.

28.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL is a domestic business corporation or other legal entity with a place of business located at 245 Park Avenue, New York, New York 10167.

29.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., is a corporation with a place of business located at 245 Park Avenue, New York, New York 10167.

30.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., is a corporation with a place of business located at 245 Park Avenue, New York, New York 10167.

31.    Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, is a corporation with a place of business located at 333 W. Camden Street, Baltimore, Maryland 21201.

32.   Defendant, BALTIMORE ORIOLES, INC., is a with a with a place of business located at 333 W. Camden Street, Baltimore, Maryland 21201.

33.   Defendant, DELMARVA SHOREBIRDS, is a limited liability company with a place of business located at 404 West Freemont Street, Stockton, California 95203.

34.   Defendant, 7TH INNING STRETCH, LLC, is a limited liability company with a place of business located at 404 West Freemont Street, Stockton, California 95203.

35.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, is a professional baseball league with a place of business located at 9550 16th Street North, St. Petersburg, Florida 33716.

36.   Defendant, MINOR LEAGUE BASEBALL, is a professional baseball league with a place of business located at 9550 16th Street North, St. Petersburg, Florida 33716.

37.   Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., is a professional baseball league with a place of business located at 9550 16th Street North, St. Petersburg, Florida 33716.

38.   Defendant, SOUTH ATLANTIC LEAGUE, is a minor league baseball league with a place of business located at 111 Second Avenue NE, Suite #335, St. Petersburg, Florida 33701.

39.   Upon information and belief, at all times hereinafter mentioned, defendant, RAWLINGS SPORTING GOODS COMPANY, INC. transacts business in New York.

40.   Upon information and belief, at all times hereinafter mentioned, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, transacts business in New York.

41.   Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., transacts business in New York.

42.   Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., transacts business in New York.

43.   Upon information and belief, at all times hereinafter mentioned, defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, transacts business in New York.

44.   Upon information and belief, at all times hereinafter mentioned, defendant, BALTIMORE ORIOLES, INC., transacts business in New York.

45.   Upon information and belief, at all times hereinafter mentioned, defendant, DELMARVA SHOREBIRDS, transacts business in New York.

46.   Upon information and belief, at all times hereinafter mentioned, defendant, 7TH INNING STRETCH, LLC, transacts business in New York.

47.   Upon information and belief, at all times hereinafter mentioned, defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, transacts business in New York.

48.   Upon information and belief, at all times hereinafter mentioned, defendant, MINOR LEAGUE BASEBALL, transacts business in New York.

49.   Upon information and belief, at all times hereinafter mentioned, defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., transacts business in New York.

50.   Upon information and belief, at all times hereinafter mentioned, defendant, SOUTH ATLANTIC LEAGUE, transacts business in New York.

51.    Upon information and belief, at all times hereinafter mentioned, defendant, RAWLINGS SPORTING GOODS COMPANY, INC. contracts to supply goods or services in New York.

52.    Upon information and belief, at all times hereinafter mentioned, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, contracts to supply goods or services in New York.

53.    Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., contracts to supply goods or services in New York.

54.    Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., contracts to supply goods or services in New York.

55.    Upon information and belief, at all times hereinafter mentioned, defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, contracts to supply goods or services in New York.

56.    Upon information and belief, at all times hereinafter mentioned, defendant, BALTIMORE ORIOLES, INC., contracts to supply goods or services in New York.

57.    Upon information and belief, at all times hereinafter mentioned, defendant, DELMARVA SHOREBIRDS, contracts to supply goods or services in New York.

58.    Upon information and belief, at all times hereinafter mentioned, defendant, 7TH INNING STRETCH, LLC, contracts to supply goods or services in New York.

59.    Upon information and belief, at all times hereinafter mentioned, defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, contracts to supply goods or services in New York.

60.    Upon information and belief, at all times hereinafter mentioned, defendant, MINOR LEAGUE BASEBALL, contracts to supply goods or services in New York.

61.    Upon information and belief, at all times hereinafter mentioned, defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., contracts to supply goods or services in New York.

62.    Upon information and belief, at all times hereinafter mentioned, defendant, SOUTH ATLANTIC LEAGUE, contracts to supply goods or services in New York.

63.    Upon information and belief, at all times hereinafter mentioned, defendant, RAWLINGS SPORTING GOODS COMPANY, INC., owns, uses or possesses real property situated with the State of New York.

64.    Upon information and belief, at all times hereinafter mentioned, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, owns, uses or possesses real property situated with the State of New York.

65.    Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., owns, uses or possesses real property situated with the State of New York.

66.    Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., owns, uses or possesses real property situated with the State of New York.

67.   Upon information and belief, at all times hereinafter mentioned, defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, owns, uses or possesses real property situated with the State of New York.

68.   Upon information and belief, at all times hereinafter mentioned, defendant, BALTIMORE ORIOLES, INC., owns, uses or possesses real property situated with the State of New York.

69.   At all times hereinafter mentioned, defendant, RAWLINGS SPORTING GOODS COMPANY, INC., was doing business in the State of New York.

70.   At all times hereinafter mentioned, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, was doing business in the State of New York.

71.   At all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., was doing business in the State of New York.

72.   At all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., was doing business in the State of New York.

73.   At all times hereinafter mentioned, defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, was doing business in the State of New York.

74.   At all times hereinafter mentioned, defendant, BALTIMORE ORIOLES, INC., was doing business in the State of New York.

75.   At all times hereinafter mentioned, defendant, DELMARVA SHOREBIRDS, was doing business in the State of New York.

76.   At all times hereinafter mentioned, defendant, 7TH INNING STRETCH, LLC, was doing business in the State of New York.

77.    At all times hereinafter mentioned, defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, was doing business in the State of New York.

78.    At all times hereinafter mentioned, defendant, MINOR LEAGUE BASEBALL, was doing business in the State of New York.

79.    At all times hereinafter mentioned, defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., was doing business in the State of New York.

80.    At all times hereinafter mentioned, defendant, SOUTH ATLANTIC LEAGUE, was doing business in the State of New York.

81.    The defendants herein are jointly and severally liable.

### RELATIONSHIPS

82.    Upon information and belief, at all times hereinafter mentioned, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, oversees the functions and operation of Major and Minor Leagues.

83.    Upon information and belief, at all times hereinafter mentioned, MAJOR LEAGUE BASEBALL is a professional baseball league consisting of the American League and National League and is incorporated as MAJOR LEAGUE BASEBALL ENTERPRISES, INC.

84.    Upon information and belief, at all times hereinafter mentioned, MAJOR LEAGUE BASEBALL is a professional baseball league consisting of the American League and National League and is incorporated as MAJOR LEAGUE BASEBALL PROPERTIES, INC.

85.   Upon information and belief, defendant, RAWLINGS SPORTING GOODS COMPANY, INC. (hereinafter referred to as "RAWLINGS") is a corporation in the business of manufacturing and selling sporting goods.

86.   Upon information and belief, at all times hereinafter mentioned the BALTIMORE ORIOLES is one of the Major League Baseball Clubs in MAJOR LEAGUE BASEBALL.

87.   Upon information and belief, the DELMARVA SHOREBIRDS incorporated as 7TH INNING STRETCH, LLC is one of the MINOR LEAGUE BASEBALL teams of the BALTIMORE ORIOLES.

88.   On April 5, 2008, plaintiff, JORDAN WOLF was a baseball player on the Delmarva Shorebirds team.

89.   Upon information and belief, at all times hereinafter mentioned, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., is an umbrella organization for leagues that operate as affiliates of MAJOR LEAGUE BASEBALL.

**AGREEMENT**

90.   Upon information and belief, prior to and including April 2008, RAWLINGS entered into an agreement(s) with MAJOR LEAGUE BASEBALL ENTERPRISES, INC. to supply sports equipment to major league baseball clubs (hereinafter referred to as "Agreement").

91.   Upon information and belief, prior to and including April 2008, RAWLINGS entered into an agreement(s) with MAJOR LEAGUE BASEBALL PROPERTIES, INC. to

supply sports equipment to major league baseball clubs (hereinafter referred to as "Agreement").

92.    Upon information and belief, at all times hereinafter mentioned, the said agreement was an exclusive licensing agreement to supply sports equipment to its Major League Clubs.

93.    Upon information and belief, MAJOR LEAGUE BASEBALL ENTERPRISES, INC. entered into said agreement on behalf of and including OFFICE OF THE COMMISSIONER OF BASEBALL, MAJOR LEAGUE BASEBALL PROPERTIES, INC., BALTIMORE ORIOLES LIMITED PARTNERSHIP, BALTIMORE ORIOLES, INC., DELMARVA SHOREBIRDS, 7TH INNING STRETCH, LLC, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, MINOR LEAGUE BASEBALL, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC. and/or SOUTH ATLANTIC LEAGUE.

94.    Upon information and belief, MAJOR LEAGUE BASEBALL PROPERTIES, INC. entered into said agreement on behalf of and including OFFICE OF THE COMMISSIONER OF BASEBALL, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., BALTIMORE ORIOLES LIMITED PARTNERSHIP, BALTIMORE ORIOLES, INC., DELMARVA SHOREBIRDS, 7TH INNING STRETCH, LLC, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, MINOR LEAGUE BASEBALL, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC. and/or SOUTH ATLANTIC LEAGUE (collectively "BASEBALL ENTITIES").

95.    Upon information and belief, this agreement provided that RAWLINGS was the exclusive supplier of batting helmets to major league ball clubs.

96.    Upon information and belief, this agreement provided that RAWLINGS was the exclusive supplier of batting helmets to minor league ball clubs.

97.    Upon information and belief, MAJOR LEAGUE BASEBALL, was required under the agreement to obtain from RAWLINGS all batting helmets used by major and minor league baseball clubs.

98.    Upon information and belief, at all times hereinafter mentioned, defendant, MAJOR LEAGUE BASEBALL, was required under the agreement to have its major league teams use only RAWLINGS helmets.

99.    Upon information and belief, at all times hereinafter mentioned, the Major League Clubs of MAJOR LEAGUE BASEBALL were required to supply their Minor League teams exclusively with RAWLINGS batting helmets.

100.    Upon information and belief, at all times hereinafter mentioned, defendant, RAWLINGS, according to the agreement, was to provide the most current protective batting helmets to MAJOR LEAGUE BASEBALL.

101.    Prior to and including April 2008, RAWLINGS manufactured batting helmets which could withstand a force greater than 60 mph.

102.    Upon information and belief, prior to April 2008, RAWLINGS designed and manufactured batting helmets which could withstand a force as great as 100 mph.

103.    Upon information and belief, prior to and on April 5, 2008, defendant, RAWLINGS knew that players such as plaintiff JORDAN WOLF who played for the

Delmarva Shorebirds Minor League team, would be exposed to pitches in excess of 90 mph.

104.    Upon information and belief, prior to and including April 2008, defendant, RAWLINGS did not provide the most current protective batting helmets as required by the aforementioned Agreement.

## THE PRODUCT

105.    Prior to April 5, 2008, the defendant, RAWLINGS was the exclusive manufacturer of baseball helmets for the Baltimore Orioles minor league affiliate the Delmarva Shorebirds.

106.    Upon information and belief, all batting helmets used by the Delmarva Shorebirds on April 5, 2008 were manufactured by RAWLINGS.

## THE ACCIDENT

107.    On April 5, 2008, JORDAN WOLF, was the catcher for the Delmarva Shorebirds in a baseball game played at Perdue Stadium, Maryland.

108.    On April 5, 2008, JORDAN WOLF, wore a batting helmet manufactured by RAWLINGS (hereinafter referred to as the "subject helmet") while batting in the aforementioned game.

109.    Upon information and belief, the subject helmet worn by JORDAN WOLF was new.

110.    Upon information and belief, the subject helmet worn by JORDAN WOLF had been used on a few occasions prior to April 5, 2008.

111.    Prior to batting on April 5, 2008, JORDAN WOLF properly placed the subject helmet on his head.

112.    On April 5, 2008, JORDAN WOLF, was struck on the helmet by a pitch while wearing the RAWLINGS subject helmet.

113.    On April 5, 2008, said pitch had a velocity in excess of 60 mph.

114.    As a result of the incident, despite wearing the subject helmet, plaintiff JORDAN WOLF, suffered serious personal injuries, including skull fracture, seizures and other neurological sequelae which injuries have prematurely ended his baseball career and left him permanently disabled.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS IN STRICT PRODUCTS LIABILITY

115.    The plaintiff repeats, reiterates and realleges with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "114", inclusive in the complaint.

116.    The defendant, RAWLINGS, designed, manufactured, assembled, labeled, marketed, tested, distributed and placed into the stream of commerce the subject helmet.

117.    The defendants, BASEBALL ENTITIES marketed, distributed and placed into the stream of commerce the subject helmet.

118.    The defendant, RAWLINGS, was required to design, manufacture, assemble, label, market, test, distribute and place into the stream of commerce a helmet in a condition which was reasonably safe and which provided the most current batting helmet protection available.

119.    The defendants, BASEBALL ENTITIES were required to market, distribute and place into the stream of commerce a helmet in a condition which was reasonably safe and which provided the most current batting helmet protection available.

120.    The aforementioned subject helmet was defective in its design, manufacture, and in the failure to warn.

121.    The aforementioned subject helmet was not reasonably safe for its intended purpose at the time of manufacture and at the time of the accident.

122.    At the time of the accident, the subject helmet was being used in a manner intended by the defendants.

123.    The defendant, RAWLINGS, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

124.    The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

125.    The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

126.    The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable

care, should have been known to it regarding the use of and protection offered by the subject helmet.

127.   The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

128.   The defendant, BALTIMORE ORIOLES, INC., had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

129.   The defendant, DELMARVA SHOREBIRDS, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

130.   The defendant, 7TH INNING STRETCH, LLC, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

131.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

132.   The defendant, MINOR LEAGUE BASEBALL, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

133.    The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

134.    The defendant, SOUTH ATLANTIC LEAGUE, had a duty to give adequate warning of any dangers known to it or which, in the use of reasonable care, should have been known to it regarding the use of and protection offered by the subject helmet.

135.    The defendant, RAWLINGS, failed to provide adequate warnings and instructions for the use of the subject helmet.

136.    The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, failed to provide adequate warnings and instructions for the use of the subject helmet.

137.    The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., failed to provide adequate warnings and instructions for the use of the subject helmet.

138.    The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., failed to provide adequate warnings and instructions for the use of the subject helmet.

139.    The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, failed to provide adequate warnings and instructions for the use of the subject helmet.

140.    The defendant, BALTIMORE ORIOLES, INC., failed to provide adequate warnings and instructions for the use of the subject helmet.

141.    The defendant, DELMARVA SHOREBIRDS, failed to provide adequate warnings and instructions for the use of the subject helmet.

142.   The defendant, 7TH INNING STRETCH, LLC, failed to provide adequate warnings and instructions for the use of the subject helmet.

143.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, failed to provide adequate warnings and instructions for the use of the subject helmet.

144.   The defendant, MINOR LEAGUE BASEBALL, failed to provide adequate warnings and instructions for the use of the subject helmet.

145.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., failed to provide adequate warnings and instructions for the use of the subject helmet.

146.   The defendant, SOUTH ATLANTIC LEAGUE, failed to provide adequate warnings and instructions for the use of the subject helmet.

147.   Said subject helmet was unsafe and defective in its design, manufacture, marketing and distribution and because said subject helmet neither had nor was accompanied by permanent, accurate, adequate and fair warnings of the characteristics, dangers and hazards of said subject helmet to users, including but not limited to plaintiff, JORDAN WOLF.

148.   It was the duty of defendant, RAWLINGS, its servants, agents and/or employees to ensure that the subject helmet was properly and adequately manufactured, designed, constructed, produced, tested, inspected, marketed and distributed and free from any defects and safe for the purposes intended.

149.   It was the duty of the defendants, BASEBALL ENTITIES, their servants, agents and/or employees to ensure that the subject helmet was properly and

adequately manufactured, designed, constructed, produced, tested, inspected, marketed and distributed and free from any defects and safe for the purposes intended.

150.    That by reason of the foregoing unsafe and defective subject helmet, plaintiff, JORDAN WOLF was caused to sustain severe, painful and permanent injuries, including skull fracture and seizures, was caused to be hospitalized and undergo medical treatment and tests, and to incur expenses therefore, which injuries have limited his ability to engage in his normal pursuits, activities and most specifically, his employment in the field of baseball.

151.    That by reason of the strict products liability of the defendants and their gross, wanton, reckless and careless acts as aforementioned, plaintiff seeks compensatory and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS IN NEGLIGENCE

152.    The plaintiff repeats, reiterates and realleges with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "114" and "116" through "151", inclusive in the complaint.

153.    Upon information and belief, prior to and on April 5, 2008, defendant, RAWLINGS knew or in the exercise of reasonable care should have known that the helmets it supplied to major and minor league baseball teams would not offer reasonable protection for players exposed to pitches in excess of 90 mph.

154.    Upon information and belief, prior to and including April 2008, defendant, RAWLINGS did not provide the most current protective batting helmets as required by the aforementioned contract.

155.   Upon information and belief, prior to and including April 2008, defendant, RAWLINGS did not provide the most current protective batting helmets to MAJOR LEAGUE BASEBALL.

156.   Upon information and belief, defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., knew or in the exercise of reasonable care should have known that defendant RAWLINGS did not provide the most current protective batting helmet for its players.

157.   Upon information and belief, defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., knew or in the exercise of reasonable care should have known that defendant RAWLINGS did not provide the most current protective batting helmet for its players.

158.   Upon information and belief, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, knew or in the exercise of reasonable care should have known that pitchers in the Major and Minor Leagues consistently throw at speeds well in excess of 60 mph.

159.   The defendant, RAWLINGS, was required to exercise reasonable care in the design, testing, manufacture, assembly, labeling, marketing, distributing and placing into the stream of commerce the batting helmets provided to the BASEBALL ENTITIES, including the subject helmet.

160.   The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce the batting helmets for the major and minor leagues, including the subject helmet.

161.   The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

162.   The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

163.   The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

164.   The defendant, BALTIMORE ORIOLES, INC. , was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

165.   The defendant, DELMARVA SHOREBIRDS, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

166.   The defendant, 7TH INNING STRETCH, LLC, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

167.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

168.   The defendant, MINOR LEAGUE BASEBALL, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

169.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC. , was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

170.   The defendant, SOUTH ATLANTIC LEAGUE, was required to exercise reasonable care in the marketing, distribution and placement into the stream of commerce for the major and minor leagues, including the subject helmet.

171.   The defendant, RAWLINGS, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

172.   The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

173.   The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

174.   The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., was required to use reasonable care to give adequate warning of dangers it knew or of

which it should have known regarding the use of, and protection offered by, the subject helmet.

175.   The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

176.   The defendant, BALTIMORE ORIOLES, INC., was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

177.   The defendant, DELMARVA SHOREBIRDS, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

178.   The defendant, 7TH INNING STRETCH, LLC, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

179.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

180.   The defendant, MINOR LEAGUE BASEBALL, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

181.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

182.   The defendant, SOUTH ATLANTIC LEAGUE, was required to use reasonable care to give adequate warning of dangers it knew or of which it should have known regarding the use of, and protection offered by, the subject helmet.

183.   The defendant, RAWLINGS, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

184.   The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

185.   The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

186.   The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

187.   The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

188.   The defendant, BALTIMORE ORIOLES, INC., was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

189.   The defendant, DELMARVA SHOREBIRDS, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

190.   The defendant, 7TH INNING STRETCH, LLC, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

191.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

192.   The defendant, MINOR LEAGUE BASEBALL, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

193.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

194.   The defendant, SOUTH ATLANTIC LEAGUE, was required to give adequate and proper instructions concerning the proper and safe use of the subject helmet.

195.   The defendant, RAWLINGS, was negligent, careless and reckless in the design, testing, manufacture, assembly, marketing and distribution of the subject helmet and in failing to warn of dangers and give proper instructions in the use of the product and of its limitations, if any.

196.   The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

197.   The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

198.   The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

199.   The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

200.   The defendant, BALTIMORE ORIOLES, INC., was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

201.   The defendant, DELMARVA SHOREBIRDS, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

202.   The defendant, 7TH INNING STRETCH, LLC, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

203.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

204.   The defendant, MINOR LEAGUE BASEBALL, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

205.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

206.   The defendant, SOUTH ATLANTIC LEAGUE, was negligent, careless and reckless in the marketing and distribution of the subject helmet and in failing to warn of dangers in the use of the product and of its limitations, if any.

207.   The defendant, RAWLINGS, was negligent, designing, manufacturing, assembling, labeling, marketing, testing and/or distributing to the BASEBALL ENTITIES a helmet which could not withstand a speed in excess of 60 mph.

208.   The defendant, BASEBALL ENTITIES, were negligent in marketing and/or distributing to the major and minor leagues, a helmet which could not withstand a speed in excess of 60 mph.

209.   That by reason of the foregoing plaintiff, JORDAN WOLF was caused to sustain severe, painful and permanent injuries, including skull fracture and seizures, was caused to be hospitalized and undergo medical treatment and tests, and to incur expenses therefore, which injuries have limited his ability to engage in his normal pursuits, activities and most specifically, his employment in the field of baseball.

210.   Plaintiff, JORDAN WOLF has been damaged by reason of the negligence and the punitive conduct of defendants.

211.    That by reason of the defendants' negligence and the gross, wanton, reckless and careless acts as aforementioned, plaintiff seeks compensatory and punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION
AGAINST DEFENDANTS
IN BREACH OF WARRANTY**

212.    The plaintiff repeats, reiterates and realleges with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "114", "116" through "151" and "153" through "211", inclusive in the complaint.

213.    The defendant, RAWLINGS, warranted that the aforementioned subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor league baseball levels and that it was of merchantable quality.

214.    The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

215.    The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

216.    The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

217.   The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

218.   The defendant BALTIMORE ORIOLES, INC., warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

219.   The defendant, DELMARVA SHOREBIRDS, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

220.   The defendant, 7TH INNING STRETCH, LLC, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

221.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

222.   The defendant, MINOR LEAGUE BASEBALL, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

223.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

224.    The defendant, SOUTH ATLANTIC LEAGUE, warranted that the subject helmet was fit for the ordinary purposes for which such products are used at Major and Minor League baseball levels and that it was of merchantable quality.

225.    The defendant, RAWLINGS, breached the aforementioned warranties in that the aforementioned subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

226.    The defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

227.    The defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

228.    The defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

229.    The defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

230.    The defendant, BALTIMORE ORIOLES, INC., breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

231.   The defendant, DELMARVA SHOREBIRDS, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

232.   The defendant, 7TH INNING STRETCH, LLC, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

233.   The defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

234.   The defendant, MINOR LEAGUE BASEBALL, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

235.   The defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

236.   The defendant, SOUTH ATLANTIC LEAGUE, breached the aforementioned warranties in that the subject helmet was not fit for the purposes for which it was intended, and was not of merchantable quality.

237.   That by reason of the foregoing plaintiff, JORDAN WOLF was caused to sustain severe, painful and permanent injuries, including skull fracture and seizures, was caused to be hospitalized and undergo medical treatment and tests, and to incur

expenses therefore, which injuries have limited his ability to engage in his normal pursuits, activities and most specifically, his employment in the field of baseball.

238.    Plaintiff, JORDAN WOLF, has been damaged by reason of defendant, RAWLINGS, breach of warranty and punitive conduct.

239.    That by reason of the defendants' breach of warranties and the gross, wanton, reckless and careless acts as aforementioned, plaintiff seeks compensatory and punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BASEBALL ENTITIES ASSUMPTION OF DUTY

240.    The plaintiff repeats, reiterates and realleges with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "114", "116" through "151", "153" through "211" and "213" through "239", inclusive in the complaint.

241.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, assumed the duty to provide the most current and safest helmets that were available in the market place.

242.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., assumed the duty to provide the most current and safest helmets that were available in the market place.

243.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., assumed the

duty to provide the most current and safest helmets that were available in the market place.

244.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, assumed the duty to provide the most current and safest helmets that were available in the market place.

245.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, BALTIMORE ORIOLES, INC., assumed the duty to provide the most current and safest helmets that were available in the market place.

246.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, DELMARVA SHOREBIRDS, assumed the duty to provide the most current and safest helmets that were available in the market place.

247.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, 7TH INNING STRETCH, LLC, assumed the duty to provide the most current and safest helmets that were available in the market place.

248.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, assumed the duty to provide the most current and safest helmets that were available in the market place.

249.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, MINOR LEAGUE BASEBALL, assumed the duty to provide the most current and safest helmets that were available in the market place.

250.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., assumed the duty to provide the most current and safest helmets that were available in the market place.

251.    By requiring that batting helmets be used by baseball players in the interests of safety, defendant, SOUTH ATLANTIC LEAGUE, assumed the duty to provide the most current and safest helmets that were available in the market place.

252.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

253.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

254.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

255.    Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

256.    Defendant, BALTIMORE ORIOLES, INC., in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

257.    Defendant, DELMARVA SHOREBIRDS, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

258.    Defendant, 7TH INNING STRETCH, LLC, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

259.    Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

260.    Defendant, MINOR LEAGUE BASEBALL, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

261.    Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

262.    Defendant, SOUTH ATLANTIC LEAGUE, in deciding to provide athletic equipment to its baseball players assumed the duty to provide the most protective helmet available.

263.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

264.   Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care providing the most current protective batting helmet available.

265.   Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care providing the most current protective batting helmet available.

266.   Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

267.   Defendant, BALTIMORE ORIOLES, INC., owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available for baseball players.

268.   Defendant, DELMARVA SHOREBIRDS, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

269.   Defendant, 7TH INNING STRETCH, LLC, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

270.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

271.   Defendant, MINOR LEAGUE BASEBALL, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

272.   Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

273.   Defendant, SOUTH ATLANTIC LEAGUE, owed to the plaintiff, JORDAN WOLF a duty to exercise reasonable care to provide the most current protective batting helmet available.

274.   Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

275.   Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

276.   Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

277.   Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

278.   Defendant, BALTIMORE ORIOLES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

279.   Defendant, DELMARVA SHOREBIRDS, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

280.   Defendant, 7TH INNING STRETCH, LLC, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

281.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

282.   Defendant, MINOR LEAGUE BASEBALL, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

283.   Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

284.   Defendant, SOUTH ATLANTIC LEAGUE, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 60 mph.

285.   Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

286.   Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

287.   Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

288.   Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

289.   Defendant, BALTIMORE ORIOLES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

290.   Defendant, DELMARVA SHOREBIRDS, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

291.   Defendant, 7TH INNING STRETCH, LLC, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

292.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

293.   Defendant, MINOR LEAGUE BASEBALL, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

294.   Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates well in excess of 90 mph.

295.   Defendant, SOUTH ATLANTIC LEAGUE, knew or in the exercise of reasonable care should have known that players in the Major and Minor Leagues consistently throw at rates in excess of 90 mph.

296.   Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

297.   Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

298.   Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

299.    Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

300.    Defendant, BALTIMORE ORIOLES, INC., knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

301.    Defendant, DELMARVA SHOREBIRDS, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

302.    Defendant, 7TH INNING STRETCH, LLC, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

303.    Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

304.    Defendant, MINOR LEAGUE BASEBALL, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

305.    Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

306.    Defendant, SOUTH ATLANTIC LEAGUE, knew or should have known that the batting helmets Rawlings supplied only provided protection from pitches up to 60 mph.

307.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing

players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

308.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

309.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

310.    Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

311.    Defendant, BALTIMORE ORIOLES, INC., breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

312.    Defendant, DELMARVA SHOREBIRDS, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

313.    Defendant, 7TH INNING STRETCH, LLC, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

314.    Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

315.    Defendant, MINOR LEAGUE BASEBALL, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

316.    Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

317.    Defendant, SOUTH ATLANTIC LEAGUE, breached its duty to its players and JORDAN WOLF in particular and was negligent in allowing players to use a defective and unsafe baseball helmet which did not provide proper protection for pitches in excess of 60 mph.

318.    Plaintiff, JORDAN WOLF reasonably trusted the OFFICE OF THE COMMISSIONER OF BASEBALL and relied upon its superior expertise and knowledge

to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

319.   Plaintiff, JORDAN WOLF reasonably trusted MAJOR LEAGUE BASEBALL ENTERPRISES, INC. and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

320.   Plaintiff, JORDAN WOLF reasonably trusted MAJOR LEAGUE BASEBALL PROPERTIES, INC. and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

321.   Plaintiff, JORDAN WOLF reasonably trusted BALTIMORE ORIOLES LIMITED PARTNERSHIP and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

322.   Plaintiff, JORDAN WOLF reasonably trusted BALTIMORE ORIOLES, INC. and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

323.   Plaintiff, JORDAN WOLF reasonably trusted DELMARVA SHOREBIRDS and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

324.   Plaintiff, JORDAN WOLF reasonably trusted 7TH INNING STRETCH, LLC and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

325.   Plaintiff, JORDAN WOLF reasonably trusted the NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

326.   Plaintiff, JORDAN WOLF reasonably trusted MINOR LEAGUE BASEBALL and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

327.   Plaintiff, JORDAN WOLF reasonably trusted MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC. and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

328.   Plaintiff, JORDAN WOLF reasonably trusted the SOUTH ATLANTIC LEAGUE and relied upon its superior expertise and knowledge to provide the most technologically advanced batting helmet that was available and which would provide suitable protection.

329.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, OFFICE OF THE COMMISSIONER OF BASEBALL, to supply batting helmets which were safe for minor league players.

330.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, MAJOR LEAGUE BASEBALL ENTERPRISES, INC. to supply batting helmets which were safe for minor league players.

331.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, MAJOR LEAGUE BASEBALL PROPERTIES, INC. to supply batting helmets which were safe for minor league players.

332.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, BALTIMORE ORIOLES LIMITED PARTNERSHIP to supply batting helmets which were safe for minor league players.

333.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, BALTIMORE ORIOLES, INC. to supply batting helmets which were safe for minor league players.

334.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, DELMARVA SHOREBIRDS to supply batting helmets which were safe for minor league players.

335.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, 7TH INNING STRETCH, LLC to supply batting helmets which were safe for minor league players.

336.   Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES to supply batting helmets which were safe for minor league players.

337.    Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, MINOR LEAGUE BASEBALL to supply batting helmets which were safe for minor league players.

338.    Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC. to supply batting helmets which were safe for minor league players.

339.    Plaintiff, JORDAN WOLF, trusted and reasonably relied upon, SOUTH ATLANTIC LEAGUE to supply batting helmets which were safe for minor league players.

340.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

341.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

342.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

343.   Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

344.   Defendant, BALTIMORE ORIOLES, INC., acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

345.   Defendant, DELMARVA SHOREBIRDS, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

346.   Defendant, 7TH INNING STRETCH, LLC, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

347.   Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

348.   Defendant, MINOR LEAGUE BASEBALL, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

349.   Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare

of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

350.    Defendant, SOUTH ATLANTIC LEAGUE, acted unreasonably and in disregard of its duty to provide suitable batting helmets for the safety and welfare of its players, most specifically JORDAN WOLF in supplying a defective and unsafe helmet.

351.    Defendants, OFFICE OF THE COMMISSIONER OF BASEBALL, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., MAJOR LEAGUE BASEBALL PROPERTIES, INC., BALTIMORE ORIOLES LIMITED PARTNERSHIP, BALTIMORE ORIOLES, INC., DELMARVA SHOREBIRDS, 7TH INNING STRETCH, LLC, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, MINOR LEAGUE BASEBALL, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC. and/or SOUTH ATLANTIC LEAGUE, assumed the duty to provide for the safety and welfare of its players and JORDAN WOLF in particular in providing batting helmets.

352.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL's, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

353.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC.'s, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

354.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC.'s, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

355.    Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP's, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

356.    Defendant, BALTIMORE ORIOLES, INC.'s, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

357.    Defendant, DELMARVA SHOREBIRDS', choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

358.    Defendant, 7TH INNING STRETCH, LLC's, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

359.    Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES', choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

360.    Defendant, MINOR LEAGUE BASEBALL's, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

361.    Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC.'s, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

362.    Defendant, SOUTH ATLANTIC LEAGUE, choice and suppy of a defective and unsafe helmet put plaintiff, JORDAN WOLF, in a vulnerable position of increased risk and danger in playing the game of baseball.

363.    If defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

364.    If defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

365.    If defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

366.    If defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

367.    If defendant, BALTIMORE ORIOLES, INC., had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

368.    If defendant, DELMARVA SHOREBIRDS, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

369.   If defendant, 7TH INNING STRETCH, LLC, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

370.   If defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

371.   If defendant, MINOR LEAGUE BASEBALL, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

372.   If defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

373.   If defendant, SOUTH ATLANTIC LEAGUE, had not chosen and supplied the unsafe and defective helmet, plaintiff, JORDAN WOLF, would have been afforded the opportunity to chose a more protective helmet for himself.

374.   That by reason of the foregoing duties, conduct and breach of said duties, plaintiff, JORDAN WOLF was caused to sustain severe, painful and permanent injuries, including skull fracture and seizures, was caused to be hospitalized and undergo medical treatment and tests, and to incur expenses therefore, which injuries have limited his ability to engage in his normal pursuits, activities and most specifically, his employment in the field of baseball.

375.    Plaintiff, JORDAN WOLF has been damaged by reason of defendants' assumption of duty and the punitive conduct of defendants.

376.    That by reason of the defendants' breach of their assumed duty and the gross, wanton, reckless and careless acts as aforementioned, plaintiff seeks compensatory and punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS BASEBALL ENTITIES
### IN BREACH OF FIDUCIARY DUTY

377.    The plaintiff repeats, reiterates and realleges with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "114", "116" through "151", "153" through "211", "213" through "239" and "241" through "376", inclusive in the complaint.

378.    Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

379.    Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

380.    Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

381.    Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

382.    Defendant, BALTIMORE ORIOLES, INC., owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

383.    Defendant, DELMARVA SHOREBIRDS, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

384.    Defendant, 7TH INNING STRETCH, LLC, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

385.    Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

386.    Defendant, MINOR LEAGUE BASEBALL, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

387.    Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

388.    Defendant, SOUTH ATLANTIC LEAGUE, owed to its players, and JORDAN WOLF, in particular, a fiduciary duty to provide the most current and protective baseball equipment including baseball helmets.

389.   Defendant, RAWLINGS, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

390.   Defendant, OFFICE OF THE COMMISSIONER OF BASEBALL, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

391.   Defendant, MAJOR LEAGUE BASEBALL ENTERPRISES, INC., failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

392.   Defendant, MAJOR LEAGUE BASEBALL PROPERTIES, INC., failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

393.   Defendant, BALTIMORE ORIOLES LIMITED PARTNERSHIP, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

394.   Defendant, BALTIMORE ORIOLES, INC., failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

395.   Defendant, DELMARVA SHOREBIRDS, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

396.   Defendant, 7TH INNING STRETCH, LLC, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet. Defendant, NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES,

397.   Defendant, MINOR LEAGUE BASEBALL, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

398.    Defendant, MINOR LEAGUE BASEBALL formerly known as NATIONAL ASSOCIATION OF PROFESSIONAL BASEBALL LEAGUES, INC., failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

399.    Defendant, SOUTH ATLANTIC LEAGUE, failed to provide its players, and JORDAN WOLF, in particular, with the most current and protective baseball helmet.

400.    That by reason of the foregoing plaintiff, JORDAN WOLF was caused to sustain severe, painful and permanent injuries, including skull fracture and seizures, was caused to be hospitalized and undergo medical treatment and tests, and to incur expenses therefore, which injuries have limited his ability to engage in his normal pursuits, activities and most specifically, his employment in the field of baseball.

401.    Plaintiff, JORDAN WOLF has been damaged by reason of defendants' breach of fiduciary duty and the punitive conduct of defendants.

402.    That by reason of the defendants' breach of their fiduciary duties and their gross, wanton, reckless and careless acts as aforementioned, plaintiff seeks compensatory and punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT RAWLINGS
## BASED UPON BREACH OF A DUTY TO A THIRD-PARTY BENEFICIARY

403.    The plaintiff repeats, reiterates and realleges with the same force and effect as though herein set forth at length the allegations contained in paragraphs "1" through "114", "116" through "151", "153" through "211", "213" through "239", "241" through "376" and "378" through "402", inclusive in the complaint.

404.   In April 2008, the agreement(s) between MAJOR LEAGUE BASEBALL ENTERPRISES, INC. and RAWLINGS was a valid and binding contract.

405.   In April 2008, the agreement(s) between MAJOR LEAGUE BASEBALL PROPERTIES, INC. and RAWLINGS was a valid and binding contract.

406.   The aforementioned agreement(s) provided that RAWLINGS would provide batting helmets for major league teams and their minor league affiliates including the Delmarva Shorebirds.

407.   It was the intent of said agreement that RAWLINGS provide players including JORDAN WOLF with helmets that were the most current protective batting helmets available.

408.   Since the agreement was intended to benefit JORDAN WOLF, among others, JORDAN WOLF was a third-party beneficiary of RAWLINGS contractual obligation to provide helmets that were the most current protective batting helmets available.

409.   The defendant RAWLINGS did not provide JORDAN WOLF with the most current protective batting helmet available at the time.

410.   Defendant, RAWLINGS, thus breached its duty to plaintiff JORDAN WOLF as a third-party beneficiary of the contract.

411.   That by reason of the foregoing plaintiff, JORDAN WOLF was caused to sustain severe, painful and permanent injuries, including skull fracture and seizures, was caused to be hospitalized and undergo medical treatment and tests, and to incur expenses therefore, which injuries have limited his ability to engage in his normal pursuits, activities and most specifically, his employment in the field of baseball.

412.   That by reason of the defendant's breach of duty to a third-party beneficiary and the gross, wanton, reckless and careless acts as aforementioned, plaintiff seeks compensatory and punitive damages.

WHEREFORE, the plaintiff demands judgment in compensatory and punitive damages on the First, Second, Third, Fourth, Fifth and Sixth Causes of Action together with the costs and disbursements of this action.

Dated:  White Plains, New York
         June 15, 2010

Yours, etc.,

CLARK, GAGLIARDI & MILLER P.C.

By: _____
Angela Morcone Giannini, Esq.
AMG - 7604
Attorneys for Plaintiff
99 Court Street
White Plains, New York 10601
(914) 946-8900

Attorney's Verification by Affirmation

STATE OF NEW YORK, COUNTY OF WESTCHESTER  ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and say that:  I am the attorney of record, for plaintiff, JORDAN WOLF.  I have read the annexed AMENDED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following:  files and records maintained in my office.

The reason I make this affirmation instead of plaintiff is plaintiff resides outside the County in which my office is located.

I affirm the foregoing statements are true under penalties of perjury.

Dated:  White Plains, New York
       June 15, 2010

Angela Morcone Giannini, Esq.
CLARK, GAGLIARDI & MILLER, P.C.